IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN WILTSHIRE, | : | Civil No. 1:22-CV-01863 |
| Petitioner, | : | |
| v. | : | |
| ERIC BRADLEY, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Petitioner Kevin Wiltshire ("Petitioner"), a federal inmate incarcerated at the United States Penitentiary Canaan ("USP-Canaan") in Waymart, Pennsylvania, commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' ("BOP") prior custody credit determination. (Doc. 1). For the reasons set forth below, the court will deny the habeas petition on the merits.

### BACKGROUND

On November 11, 2014, Petitioner was arrested by New York state authorities for criminal possession of a firearm. (Doc. 7-2, p. 1.)[1] He was charged under docket number 01637-2014 in the Supreme Court, County of Westchester. (*Id.*) On February 19, 2015, Petitioner appeared in the United States District Court for the Southern District of New York in Case No. 14-CR-00768 pursuant to a writ

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

1

of *habeas corpus ad prosequendum*.  (*Id*.)  Petitioner was returned to state custody the same day.  (*Id*.)

On June 9, 2016, Petitioner was sentenced in the Supreme Court, County of Westchester under Case No. 01637-2014 to time served.  (*Id*., p. 2.)  Petitioner was ordered discharged from state custody and transferred to the custody of the United States Marshals Service.

On August 9, 2017, Petitioner was sentenced to a 360-month plus 1-day term of imprisonment in United States District Court for the Southern District of New York in Case No. 14-CR-00768.  (*Id*.)  The BOP prepared a sentence computation beginning on August 9, 2017.  (*Id*.)  Petitioner received presentence custody credit from June 10, 2016 through August 8, 2017.  (*Id*.)  This resulted in a statutory release date of July 30, 2042.  (*Id*.)

On September 1, 2021, the United States District Court for the Southern District of New York amended the judgment and sentence in Case No. 14-CR-00768 vacating count 2 and sentencing Petitioner to 300 months imprisonment.  (*Id*.)  The amended judgment included a 19-month adjustment for the time served in New York State Case No. 01637-2014 from November of 2014 into June of 2017.  *United States v. Wiltshire*, 7:14-cr-00768-VB, Doc. 575, p. 3.

Petitioner filed grievance number 1115345-F1 in March of 2022, requesting jail credit from November 11, 2014 to June 10, 2016, which Petitioner states "was

the time credited to another sentence." (Doc. 7-2, p. 9.) This grievance was denied on April 8, 2022, and Petitioner appealed the denial through to the Central Office Administrative Remedy Appeal. (*Id.*, pp. 3–8.)

On November 22, 2022, Petitioner filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 asking that his sentence be credited for 19 months from November 11, 2014 to June 10, 2016. (Doc. 1-1.) Respondent filed a response on December 22, 2022. (Doc. 7.) Petitioner filed a traverse on January 13, 2023. (Doc. 10.)

## DISCUSSION

Claims that the BOP has failed to properly calculate a sentence are cognizable in petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Burkey v. Mayberry*, 556 F.3d 142, 146 (3d Cir. 2009) ("A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241.").

The Attorney General is responsible for computing federal sentences for all federal offenses committed after November 1, 1987. *See* 18 U.S.C. § 3585; *United States v. Wilson*, 503 U.S. 329, 331-32 (1992). The Attorney General has delegated this authority to the Director of the BOP. *See* 28 C.F.R. § 0.96. The process of computing a federal sentence is governed by 18 U.S.C. § 3585 and consists of two steps: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which the inmate may be

entitled.  *See Williams v. Zickefoose*, 504 F. App'x 105, 107 (3d Cir. 2012) (citing 18 U.S.C. § 3585).

Section 3585(a) provides that a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  *See* 18 U.S.C. § 3585(a).  Petitioner's current federal sentence commenced on August 9, 2017.  Petitioner does not contest the sentence commencement date, but seeks prior custody credit for the period from November 11, 2014 through June 9, 2016. (Doc. 1.)

Whether the petitioner is entitled to credit for custody prior to the commencement of his federal sentence is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).  Thus, "[s]ection 3585(b) prohibits the BOP from crediting a federal sentence with time that has already been credited toward another sentence."

4

*See Pickett v. Warden McKean FCI*, 726 F. App'x 104, 106 (3d Cir. 2018) (citing *Wilson*, 503 U.S. at 337). "Congress made clear that a defendant could not receive a double credit for his detention time." *See Wilson*, 503 U.S. at 337.

The Respondent asserts that under *Wilson*, Petitioner is not entitled to time credit from November 11, 2014 through June 9, 2016 because this was credited towards his state sentence. (Doc. 7, pp. 6–7.) Respondent also asserts that Petitioner has received a 19-month reduction in his sentence to account for the time spent in state custody. (*Id.*, pp. 7–8.)

Respondent is correct. The United States District Court for the Southern District of New York's amended judgment took these 19 months into consideration:

> Pursuant to Section 5K2.23 of the U.S. Sentencing Guidelines, in order to achieve a reasonable punishment for the instant offense, this sentence has been adjusted downward by 19 months to account for a New York State term of imprisonment that defendant has completed serving for an offense that is "relevant conduct" to the offense of conviction, to wit, the criminal possession of a firearm conviction referenced in paragraph 82 of the Presentence Investigation Report. Defendant was arrested for that offense in November 2014 and remained in state custody until June 2016 when he was sentenced to time served. Section 5F1.3(b) of the Sentencing Guidelines would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. This is a sentence reduction for a period of imprisonment that will not be credited by the Bureau of Prisons pursuant to its authority under 18 U.S.C. Section 3585(b).

*United States v. Wiltshire*, 7:14-cr-00768-VB, Doc. 575, p. 3.

Here, the 19 months of time credit that Petitioner seeks by means of the instant petition cannot be credited to his sentence under *Wilson* because it has already been credited towards his state sentence. However, the sentencing court recognized this, and adjusted his sentence accordingly. Therefore, Petitioner has already received the benefit of the 19-month time credit for his prior sentence. The BOP has properly calculated his sentence, and his petition will be denied.

## CONCLUSION

Accordingly, for the reasons set forth above, Petitioner's § 2241 petition will be denied. An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: December 27, 2023